UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PAULA R. HARDIN,

  Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

  Defendant.

Case No. 3:16-cv-404

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 9), Plaintiff's reply (doc. 10), the administrative record (docs. 6),[2] and the record as a whole.

**I.**

**A. Procedural History**

Plaintiff filed for SSI on October 27, 2009 (PageID 473-75), alleging disability as a result of a number of alleged impairments including, *inter alia*, left knee arthritis, lumbar and cervical spine degenerative disc disease, left rotator cuff pain, and polysubstance abuse. PageID 60.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of her application, Plaintiff received a hearing before ALJ Mary Withum on November 16, 2011. PageID 89-127. ALJ Withum issued a written decision on February 4, 2012 finding Plaintiff not disabled. PageID 217-31. The case was subsequently remanded back to the ALJ by the Appeals Council on August 1, 2012. PageID 240-44.

On remand, Plaintiff received a second hearing before ALJ Withum on May 7, 2013. PageID 128-63. ALJ Withum issued a second written decision on May 31, 2013, again finding Plaintiff not disabled. PageID 249-62. Thereafter, the case was again remanded back to the ALJ by the Appeals Council. PageID 271-73.

After the second remand by the Appeals Council, Plaintiff received a third administrative hearing on January 21, 2015, this time before ALJ Elizabeth Motta. PageID 165-207. ALJ Motta issued a written decision on May 26, 2015 finding Plaintiff not disabled. PageID 58-74. Specifically, ALJ Motta found at Step 5 that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 66-73.

The Appeals Council denied Plaintiff's request for review, making the ALJ Motta's non-disability finding the final administrative decision of the Commissioner. PageID 47-49. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in ALJ Motta's (hereinafter referred to as "the ALJ") decision (PageID 60-74), Plaintiff's Statement of Errors (doc. 8), the

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 416.967(a).

Commissioner's memorandum in opposition (doc. 9), and Plaintiff's reply memorandum (doc. 10). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.     **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred in weighing medical source opinions, namely the opinions of treating physician Charles Russell, M.D., examining

4

psychologist Giovanni Bonds, Ph.D., and record-reviewing physician Elizabeth Das, M.D. Doc. 8 at PageID 1449-54. Finding error in the ALJ's weighing of Dr. Russell's opinion concerning Plaintiff's physical limitations, as well as the weighing of Dr. Das's opinion, the undersigned does not address the merits of the ALJ's assessment of Dr. Bonds's opinion, or Dr. Russell's opinion concerning Plaintiff's mental limitations. Instead, on remand, the undersigned would direct the ALJ to reconsider the entire case anew in determining Plaintiff's RFC -- including a new evaluation of medical source opinions in accordance with regulatory requirements and binding case law, as well as a re-evaluation of Plaintiff's credibility in light of the record evidence, including objective imaging findings.

With regard to the weighing of opinion evidence, until March 27, 2017, "the Commissioner's regulations [which apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors,

5

including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 416.927(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

On February 8, 2010, Dr. Das opined that Plaintiff could frequently lift 10 pounds and occasionally lift 20 pounds; stand and/or walk two hours per workday; and sit for six hours per workday. PageID 933-40. It is not clear from the record exactly what records Dr. Das specifically reviewed, but it is undisputed that Dr. Das never reviewed: (1) a lumbar spine MRI taken on May 12, 2011 noting spondylitic spur along with disc protrusion causing moderate

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id*.

nerve root compromise at L5-S1 (PageID 1210); and (2) a left shoulder MRI taken July 7, 2011 revealing a "high suspicion" of a subtle labral tear, as well as partial acromioplasty and partial resection of the AC joint" (PageID 1398). The ALJ gave Dr. Das's opinion "significant weight[.]" PageID 70-71.

The Court finds reversible error in the ALJ's analysis of Dr. Das's opinion. Significantly, the ALJ failed to acknowledge that Dr. Das had no opportunity to review the aforementioned objective evidence regarding Plaintiff's lower spine and left shoulder. PageID 70-71. While opinions of record-reviewers "can be substantial evidence '[i]n appropriate circumstances' to discount the opinion of examining and treating sources[,]" the record-reviewer must generally have had "access to the entire body of medical evidence." *Kaylor v. Astrue*, No. 08-415-GWU, 2009 WL 2473630 at *5 (E.D. Ky. Aug. 11, 2009); *see also Ward v. Astrue*, No. 09-199-GWU, 2010 WL 1038198, at *3 (E.D. Ky. Mar. 18, 2010).

Here, Dr. Das's opinion was given without the benefit of the entire record, particularly the significant imaging findings noted above. PageID 934-40. Therefore, such opinion cannot provide substantial evidence upon which an ALJ can base a non-disability finding -- particularly where the ALJ provides no explanation as to whether and how later acquired objective imaging impacts the weight accorded the record-reviewer's opinion. *Cf. Moody v. Comm'r of Soc. Sec.*, No. 14-CV-224, 2016 WL 1729579, at *5 (S.D. Ohio Feb. 5, 2016); *Washington v. Comm'r of Soc. Sec.*, No. 3:15-CV-367, 2016 WL 6694199, at *5 (S.D. Ohio Nov. 15, 2016), *report and recommendation adopted sub nom. Washington v. Colvin*, No. 3:15-CV-367, 2016 WL 7494887 (S.D. Ohio Dec. 30, 2016).

With regard to treating physician opinions, on August 21, 2012, Dr. Russell offered an opinion regarding Plaintiff's physical work-related limitations, as well as a separate opinion regarding her work-related limitations resulting from the combined effect of Plaintiff's physical

7

and mental impairments. PageID 1304-18. With regard to physical limitations, Dr. Russell opined that Plaintiff could occasionally lift and carry five pounds and frequently lift and carry one pound; and stand, walk and sit for eight hours per workday, for a total of two hours without interruption. PageID 1302-08.

With regard to limitations arising from the combined effect of Plaintiff's physical and mental impairments, Dr. Russell concluded that Plaintiff was unable to withstand the pressure of meeting normal standards of work productivity and accuracy without significant risk of decompensation or worsening of her impairments; behave in an emotionally stable manner; demonstrate reliability; complete a normal workday and week without interruption from symptoms and perform at a consistent pace without unreasonable numbers and length or rest periods; respond appropriately to changes in the work setting; get along with co-workers without unduly distracting them or exhibiting behavior extremes; work in coordination with, or in proximity to, others without being unduly distracted; and accept instructions and respond appropriately to criticism from supervisors. Doc. 1309-17. The ALJ gave Dr. Russell's opinions minimal to no weight. PageID 72-73.

Initially, the Court notes that ALJ Motta failed to mention the concept of "controlling weight" when analyzing Dr. Russell's opinions, and further failed to specifically decline to give them controlling weight. PageID 72-73; *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013) (finding error where the ALJ's "analysis does not explain to which aspect of the controlling-weight test [a] critique is relevant"); *see also Martin v. Colvin*, 207 F. Supp. 3d 782, 789 (S.D. Ohio 2016). Such failure is error. *See Martin v. Colvin*, 207 F. Supp. 3d 782, 789 (S.D. Ohio 2016).

ALJ Motta did find that Dr. Russell's opinion was not supported by the purported "lack of significant objective or clinical findings concerning the shoulder, or any other area for that

8

matter." PageID 72. However, given the July 7, 2011 MRI results (PageID 1398), the May 2011 L5-S1 findings of disc protrusion causing moderate nerve root compromise, and Dr. Russell's finding of decreased and painful range of motion in Plaintiff's left shoulder (PageID 1306), the ALJ's conclusion in this regard is unsupported by substantial evidence. It appears to the undersigned that the ALJ minimized these objective and clinical findings by inappropriately interpreting the severity of raw medical data, a task the ALJ is not entitled to perform. *See Martin*, 207 F. Supp. at 791.

Based upon all of the foregoing, the undersigned concludes that the ALJ's non-disability finding is unsupported by substantial evidence and should be reversed.

### IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and remand for further proceedings -- as specifically set forth above -- is proper.

### V.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this

matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.

Date:   August 3, 2017                          s/ Michael J. Newman
                                                Michael J. Newman
                                                United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).